IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
BRIAN EVANS,                    )    CIVIL NO. 13-00272 SOM/KSC
                                )
          Plaintiff,            )    ORDER DISMISSING FIRST
                                )    AMENDED COMPLAINT AND DENYING
     vs.                        )    PLAINTIFF'S APPLICATION TO
                                )    PROCEED WITHOUT PREPAYING
MASSACHUSETTS NURSES'           )    FEES OR COSTS AS MOOT
ASSOCIATION, ET AL.,            )
                                )
          Defendants.           )
_____ )
```

**ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT**

On May 29, 2013, Plaintiff Brian Evans filed the Complaint in this matter.  ECF No. 1.  That same day, Evans filed an Application to Proceed Without Prepaying Fees or Costs (the "IFP").  ECF No. 8.  On June 6, 2013, Magistrate Judge Chang issued his Findings and Recommendation (the "F&R"), recommending dismissal of Evans's Complaint and denial of the IFP.  ECF No. 10.  In his F&R, Magistrate Judge Chang provided an enumerated list of recommended issues for Evans to address in any amended complaint.  F&R at 9-10.  Magistrate Judge Chang cautioned Evans "that his failure to cure the deficiencies identified [in the F&R] will result in the dismissal of the action."  Id. at 10.

On June 18, 2013, even before the district judge had adopted the F&R, Evans filed both a First Amended Complaint and a second IFP.  ECF Nos. 11 and 12.  On June 25, 2013, the court adopted the F&R.  ECF No. 13.

Evans's First Amended Complaint fails to cure all of the deficiencies outlined in the F&R and does not comply with Rule 8 of the Federal Rules of Civil Procedure.[1] For this reason, the court dismisses Evans' First Amended Complaint and denies his second IFP as moot.

Pursuant to 28 U.S.C. § 1915, this court "shall dismiss the case at any time" upon determining that the action "fails to state a claim on which relief may be granted." See also Denton v. Hernandez, 504 U.S. 25, 32 (1992) (stating that the IFP statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

In his F&R, Magistrate Judge Chang highlighted for Evans the importance of complying with Rule 8. F&R at 6-8. Among other things, Rule 8 requires "a short and plain statement

---

[1] The First Amended Complaint also largely fails to comply with Rule 10(b) of the Federal Rules of Civil Procedure, which requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Only the first four paragraphs of the First Amended Complaint are numbered. Although the court is not dismissing this case for failure to comply with Rule 10(b), the court notes this additional deficiency for Evans's future reference.

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. To state a plausible claim, the complaint must, at a minimum, "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Evans's First Amended Complaint asserts conspiracy to commit fraud/corruption and intentional infliction of emotional distress.  However, Evans has not included factual allegations going to the claims.  The bases for his claims remain unclear. Even construing Evans's First Amended Complaint liberally, Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003), the court cannot identify any plausible ground for either of Evans's claims.  See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  For these reasons, Evans's First Amended Complaint is deficient and fails to state a claim upon which relief may be granted.

      Magistrate Judge Chang clearly outlined for Evans the necessity of curing these deficiencies in any amended complaint. Magistrate Judge Change also warned Evans that failure to do so would "result in the dismissal of the action." F&R at 10. Given Evans's failure to comply with Magistrate Judge Chang's instructions, the court dismisses Evans's First Amended Complaint and denies Evans's second IFP application as moot. The court does, however, give Evans one more opportunity to state his case. He may file a Second Amended Complaint that is complete in itself (that is, does not incorporate any prior complaint by reference) no later than July 12, 2013. He must also either pay the civil filing fee or submit a new Application to Proceed In Forma Pauperis. Failure to meet the above deadline shall cause this action to be automatically dismissed.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, June 26, 2013.



      /s/ Susan Oki Mollway
      Susan Oki Mollway
      United States District Judge

Evans v. Massachusetts Nurses' Association et al.; Civil No. 13-00272 SOM/KSC; ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT