```
                   IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF HAWAII

BRIAN EVANS,                      )   CIVIL NO. 13-00272 SOM/KSC
                                  )
          Plaintiff,              )   ORDER DISMISSING SECOND
                                  )   AMENDED COMPLAINT AND DENYING
     vs.                          )   PLAINTIFF'S APPLICATION TO
                                  )   PROCEED WITHOUT PREPAYING
MASSACHUSETTS NURSES'             )   FEES OR COSTS AS MOOT
ASSOCIATION, ET AL.,              )
                                  )
          Defendants.             )
_____    )
```

**ORDER DISMISSING SECOND AMENDED COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT**

Before the court is Evans's Second Amended Complaint and his Application to Proceed Without Prepaying Fees or Costs (the "IFP"). ECF No. 20. On June 26, 2013, this court's Order Dismissing Evans's First Amended Complaint ("Order") cautioned Evans that his failure to cure the deficiencies outlined in the Order would result in the dismissal of the action. ECF No. 14. Specifically, the court gave Evans "one more opportunity to state his case" before dismissing this action. Id. at 4. Because Evans's Second Amended Complaint still fails to comply with Rule 8, the court dismisses Evans's Second Amended Complaint and denies Evans's IFP as moot.

Pursuant to 28 U.S.C. § 1915, this court "shall dismiss the case at any time" upon determining that the action "fails to state a claim on which relief may be granted." See also Denton v. Hernandez, 504 U.S. 25, 32 (1992) (stating that the IFP

statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

      This court's Order highlighted for Evans the importance of complying with Rule 8. Order at 2-3. Among other things, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. To state a plausible claim, the complaint must, at a minimum, "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

      Evans's Second Amended Complaint asserts conspiracy to commit fraud, intentional infliction of emotional distress, and corruption. However, Evans has not included factual allegations going to the claims. The bases for his claims remain unclear.

For example, in Count One, Evans alleges a conspiracy to commit fraud but there is no indication the police or the mayor even communicated with co-Defendants such as the hospital. No conspiracy, much less a conspiracy to commit fraud, can be sufficiently asserted without at least some allegation showing some sort of conscious agreement among alleged conspirators. Count Three alleges "corruption" without sufficient factual allegations concerning "corruption."

Count Three speaks about conspiracy and manipulation, and it is unclear whether Evans is actually asserting misrepresentation.

Count Two appears premised on the other counts.

Even construing Evans's Second Amended Complaint liberally, see Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003), the court cannot identify any plausible ground for any of Evans's claims.  See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  For these reasons, Evans's Second Amended Complaint is deficient and fails to state a claim upon which relief may be granted.

The court cannot help noting that all iterations of Evans's pleading have raised serious questions about whether

Defendants have the constitutionally required minimum contacts with Hawaii to support the exercise of personal jurisdiction over them.  See Bancraft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (explaining that, while a defendant can be haled into court if the defendant has "substantial" or "continuous and systematic" contacts with the jurisdiction, a court's personal jurisdiction over a defendant is limited by a defendant's right to due process).

Given the aforementioned deficiencies, this case is dismissed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 12, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Evans v. Massachusetts Nurses' Association et al.; Civil No. 13-00272 SOM/KSC; ORDER DISMISSING SECOND AMENDED COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT